## WILLIS et al. v. SWOPE.
### No. 13528.

United States Court of Appeals
Ninth Circuit.
Feb. 19, 1953.

Joseph L. Bortin, San Francisco, Cal., for appellant.

Chauncey Tramutolo, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MATHEWS, BONE and POPE, Circuit Judges.

PER CURIAM.

This appeal is from an order denying a petition of appellants, Don Willis, Michael Stignano, Henry Mayes, Charles T. Livers, Joseph Gordon Isenberg, Lyle Howard Buswell and Paul Dean Barker, for a writ of habeas corpus directed to appellee, E. B. Swope, warden of the United States penitentiary at Alcatraz, California. The petition was as follows:

490

"[Appellants], by this, their petition for writ of habeas corpus, now aver:

"1. [Appellants] are confined and restrained of their liberty by [appellee].'

"2. This application is made on be-half of [appellants] by Joseph L. Bortin, an attorney and counselor at law, duly licensed to practice his profession in all courts of the State of California and in the United States District Courts for the Northern and Southern Divisions of the State of California[1] and in the United States Court of Appeals for the Ninth Circuit, for the reasons hereinafter set forth.

"3. Heretofore, to wit, between June 9, and June 17, 1952, [appellants] requested [Bortin] by letter to visit them at Alcatraz, California. Thereafter, to wit, on June 17, 1952, [Bortin] made application for permission to visit [appellants] at Alcatraz, California. Thereupon [appellee], at first, temporized with [Bortin], stating that 'It would not be convenient for [Bortin] to come to Alcatraz "this week."' Thereafter, to wit, on June 20, 1952, [Bortin] requested permission to visit [appellants] on June 24, 1952. After further temporizing, [appellee], by and through his servant, agent and employee, one John Doe Bertrand, stated and advised [Bortin] that he would not be permitted to visit [appellants] at all.

"4. [Bortin] does not know the causes whereby it is alleged, if such it is, that [appellee] has lawful custody of [appellants]. But he avers that [appellants'] desire to have [Bortin] visit them were for reasons concerning the legality of their confinement, or other proper reasons, the exact nature whereof [Bortin] does not know and cannot adequately determine without private conference with [appellants].

"Wherfore, [appellants] pray that a writ of habeas corpus issue out of this court[2] commanding [appellee] to have before this court the bodies of [appel-

lants], then and there to do and receive that which, by law, is proper."

The petition obviously did not state any fact or facts warranting the issuance of a writ of habeas corpus.

Order affirmed.

---

1. Probably meaning the Northern and Southern Districts of California.

2. The United States District Court for the Northern District of California.